and Joseph Weitner, and along with Mr. John Rogers, I represent the defendant appellant in this case, and I'm here to testify on behalf of Mr. Jeffrey York. This case comes before the court following Mr. York's conviction by a jury of one count of enticement of a minor in violation of 18 U.S.C. section 2422B, and one count of the use of interstate facilities to transmit information about a minor in violation of 18 U.S.C. section 2425. The evidence presented at trial in this case by the government was not sufficient to convict Mr. York of either offense beyond a reasonable doubt. Likewise, the evidence presented at trial by the government was not sufficient to disprove Mr. York's affirmative defense of entrapment beyond a reasonable doubt. I'd like to talk specifically, your honors, about section 2422. That statute specifically requires that an individual knowingly persuade, induce, entice, or coerce any individual who has not attained the age of 18 years of age to engage in sexual activity for which any person can be charged with a criminal offense. Now, these words, persuade, induce, entice, or coerce, are critically important in this case and the issues before you. In United States v. Hite, the U.S. Court of Appeals for the D.C. Circuit took a look at section 2422B, and they conducted a pretty thorough analysis of that statute, including these terms, persuade, induce, entice, or coerce. They went to the dictionary, the Oxford English Dictionary, Webster's Dictionary, Black's Law Dictionary, etc., and concluded that the ordinary meanings of these verbs, persuade, induce, entice, and coerce, demonstrate that section 2422B is intended to prohibit acts that seek to transform or overcome the will of a minor. What's your response to the appellee's argument that all that definitional work in Hite was in the context of, you know, adult, adult persuasion cases where there's this adult intermediary? Well, Your Honor, respectfully, I believe that Hite, the analysis that the court conducted in Hite about those terms applies equally to minors. It's not necessarily limited by . . . Has any court in America ever done that? What is that, Your Honor? Apply those terms in the type of case that Judge Jackson-Akumi asked about? I am not aware of that, Your Honor. I will take a look and get back to you if I'm proven incorrect, but I do not believe so. Me neither. I just . . . me neither. Okay. Okay. Fair enough, Judge. But, nevertheless, I think the fact remains that these terms do demonstrate, and the statute does require, that an individual overcome the will of the person they are seeking to induce into sexual activity, and there's simply no evidence that that occurred in this case. Forgive me, Mr. Rittner, but in your, you know, in your brief, you argued that one cannot obtain assent that has already been given. But how could this possibly work in this context? I mean, I'm sure you'll agree that a 15-year-old girl can't assent or consent to having sex with a 50-year-old man. As a matter of law, I would agree, Your Honor, yes. However, as a matter of fact, even though it is illegal and deplorable, as a matter of fact, I suppose a 15-year-old girl could do that. In this case, I think how it would work is that initially the individual who is seeking to be persuaded could express some reluctance to engage in the activity. They could be sort of on the fence, if you will, and then through a series of statements or questions or inducements, their mind could be changed. And that did not occur here. But doesn't your argument fail when you look at the charges and the charge was attempt? Still, Your Honor, I... You don't even have to prove that they actually, you're setting the bar pretty high when they just have to prove intent, attempt to persuade. That's what they had to do. That is true, Your Honor. But nevertheless, there must still be a substantial step towards committing that act, as you know. And in the absence of any inducement or coercion at all, I still think that there is an absence of a substantial step, even if the crime is attempt. Will you explain to me why her willingness would have any bearing on whether your client intended to persuade her? Well, Judge, I guess I would just refer back to Section 2422's specific intent element that the individual knowingly persuade or induce or entice the other individual. He had to intend to do that. He had to knowingly do that, Your Honor. What was he doing trading 40 messages with her or whatever? Well, ultimately, I can only speculate, but from the evidence in the record and before the court, I think that he was perhaps curious, Your Honor, to figure out who this person was, whether they were who they purported to be or whether they were someone different than they purported to be. Initially, he did respond to a message. I believe it was on Craig's list that had been posted by what we now know was an FBI agent titled Bored, No School Looking to Make Money for Favors. And so I suppose it's reasonable to assume that he was interested in responding to the subject of that post. So, Your Honor, again, I mean, regardless of whether it's an attempt or actually committing this act, there's simply no evidence of persuasion. Her mind was made up from the very beginning, even though she was a fictitious person, that she was willing to engage in sexual activity. She, from the very beginning, made it clear that that is what she wanted, and her mind did not have to be changed at all. Mr. York made no effort whatsoever to do so, and the evidence reflects that as it was adduced at trial. Additionally, Judge, Section 2422 also requires that Mr. York hold a subjective belief, not Mr. York specifically, of course, but anyone hold a subjective belief that the person they intend to entice is a minor, and the evidence reflects that Mr. York in this particular case did not and could not have reasonably believed that this individual was a minor. A picture was sent to Mr. York of someone who appeared to be around 30 years of age. He in turn responded that the individual, he thought the individual was 26, and really at no point believed that she was 15. The government failed to prove that Mr. York held this belief, which they were required to, to convict Mr. York under this statute. Much the same is true for Section 2425, Judge, which requires additionally that an individual have a subjective belief that the person they intend to entice is 16 years or less. So for the same reasons, the government failed to adduce sufficient evidence at all that Mr. York believed that the person they intended to induce was a minor. With my remaining time, Judge, I'd like to briefly address the failure of the government to provide sufficient evidence to reject the entrapment defense that was presented at trial. As you know, the entrapment defense requires evidence of inducement on the part of the government as well as the lack of predisposition on the part of an individual to commit a crime. And here we have ample evidence that the government did induce Mr. York to committing whatever act he actually committed, and that's reflected in the messages that this fictitious person, Briannica, sent him. As I said a moment ago, she was a sort of willing participant and she was seeking out the acts that the government alleges Mr. York was seeking out. She asked, she said she wanted to have sex, not talk, for example. Mr. York was not predisposed to committing any of these acts. She induced him effectively, and for that reason, and I can come back to this rebuttal, Your Honor, but Mr. York's affirmative defense of entrapment was also not disproven beyond a reasonable doubt by the government. And I see that my time has expired and I'll yield the floor to Mr. Liggins. Thank you very much. And I will give you the three minutes that you requested, even though you did use your time. Thank you. Okay, so, Mr. Liggins. Good morning, Your Honor, or actually good afternoon, I guess. Almost good night. I guess I'll start with the, I guess the first point I want to make on the willingness issue. This was an issue that I actually raised before the trial court in my trial brief. And the, to just point out that the case law that said that willingness, the alleged minors willingness to consent is not a defense in this case, I cited all the cases that I cited before this court. And that's one of the reasons I make the waiver argument in my brief is because the defense counsel at the time decided not to pursue the willingness as impacting on the inducement, persuading, enticing element. He instead decided to pursue that it weighed on the entrapment aspect of the case. But, and if you watch, and if you look at the way he argued it in his closing argument, that's also the way he argued it. So the, in my view, this whole willingness issue is a legal issue that really isn't appropriately evaluated under the sufficiency of the evidence and it's a, it's a legal issue that was weighed. Even apart from that, I addressed in my brief, the fact that just because someone may be generally willing to have sex doesn't get you past the elements of the enticement statute because the government still has to prove that the defendant, that he induced the alleged victim, Brea, not Nika in this case, to have sex with him. And the evidence in this case established under, certainly under a sufficiency of the evidence standard where we only have to show that the record contains an iota of evidence in support of the verdict that the defendant committed the element of persuading, inducing, or enticing. There was abundant evidence on that point that was presented to the jury. He initiated all the sex conversations after learning that he was dealing with what he thought was a 15 year old. He began, or very shortly into the conversations, he asked a whole series of sex questions. He asked for the photograph that I included in my brief. And then after he received that, that photograph, under our theory of giving the defendant an affirmation that he was dealing with an actual person, an actual 15 year old like he thought he was, that's when he makes the overt request to meet for sex. And the agent posing as a 15 year old agrees. So we believe, apart from the fact that the legal issue wasn't reserved, that even if it had been, the facts in this case would have, are sufficient under a sufficiency of the evidence standard for this court to affirm the verdict. You know, I realize that the photograph, we really, I suppose, don't have to worry about, but could you explain to me where that came from? Is that a real person? You mean the photograph that is included in the record? Yes, that is a real person and it is an adult person. And the agents who conduct these cases, they have a library of pictures that they use. So when they, this proof of life concept, which is talked about at trial, where a defendant says, hey, I want a picture of this to prove that you're who you say you are, they have a catalog or a library of pictures that they use. The people in those photographs know that? Yes. They know that it's you. Yes, I don't know that. I think there was some discussion about that at this trial where it was a cooperating witness. Typically the pictures, as a general rule, are age regressed with software filters. That's what I was wondering, you see. Yes. But yes, they're cooperating witnesses. And I think we talked about that during this trial too, during some sidebars, that this particular witness was paid for her cooperation and the pictures were provided as part of that cooperation. And so, yes. Thank you. First time I've ever seen that in 38 years. It's interesting. Thank you. But yes, that's where those come from. With regard to counsel's claim that Mr. York didn't believe he was dealing with a 15 year old, I think the record establishes that there was a rational basis upon which a jury could find that he thought he was dealing with a 15 year old. He acknowledges it during the course of his conversations that are in Government's Exhibit 8. He expresses trepidation about meeting her. He says he's not looking to go to jail. So there was a sufficient basis for the jury to find guilt on that element. With regard to the entrapment, I think the most, there is an abundance of evidence that rebutted the notion that York was entrapped. The two that I would just mention is one, after he learns that he's dealing with what he thinks is a 15 year old, the agent waits 19 hours, and it is York who re-initiates the contact after he learns that he's dealing with a 15 year old. The agent does not re-initiate the contact. And Mr. York, upon, after waiting those 19 year old, 19 hours, begins this barrage of sex questions. The other thing is, is that during his cross-examination, I think the last two questions I asked Mr. York, he testified that nobody persuaded him to do anything, nobody made him talk on the internet, and nobody used any undue influence or persuasion to cause him to do what he did in this case. So for all of those reasons, your honors, I would ask you to affirm the conviction. And if I have any time left, I'll yield it back to the court and to counsel. Thank you very much. So, Mr. Whitner, we're going to give you your three minutes. Oh, let me see. You asked for three. Thank you, your honor. I appreciate it. I just wanted to pick up on the issue of willingness that Mr. Leggins raised. And I suppose it's a fair way to look at this case, though. But I just want to sort of emphasize that unlike the defendants and many of the cases that Mr. Leggins cited in his reply brief, Dhingra, Dai, Lundi, and Peterson, here, we are not arguing that an act of persuading, inducing, enticing, or coercing a minor to engage in criminal sexual activity was excused by Brianna, that purported minors willingness. Even if she was willing, we're not saying that that is a defense. What we're saying is that there was no act of persuading or inducing or enticing or coercing by Mr. York at all in this case, in his communications with Brianna. And it's an important distinction. Additionally, I just wanted to kind of go back to some of the case law surrounding when reversal is required on a sufficiency of the evidence challenge. And as this court has noted in the Sanchez case from 2010, reversal is required whenever the evidence gives equal or nearly equal circumstantial support to a theory of guilt and a theory of innocence. And so in this case, even if there was evidence that Mr. York may have actually believed that Brianna was a real 15-year-old girl, I think the evidence is also equally valid and supportable that he could have had a subjective belief that she was in fact this 26 to 30-year-old girl whose picture had been sent to him. And so I just wanted to kind of go back to some of the case law surrounding when reversal is required on a sufficiency of the evidence challenge. And as this court has noted in the Sanchez case from 2010, when reversal is required on a sufficiency of the evidence challenge, I think the evidence is also equally valid and supportable that he could have had a subjective belief that she was in fact this 26 to 30-year-old girl whose picture had been sent to him. Thank you. Thank you very much to both counsel and the case, of course, will be taken under advisement.